IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRYCE PLUMB, | ) |
|     Plaintiff, | ) ) ) |
| v. | )   Civil Case No.: 3:25-cv-01248 )   JUDGE RICHARDSON |
| DONALD J. TRUMP, in his official capacity as President of the United States, J.D. VANCE, in his official capacity as Vice President of the United States, and MICHAEL JOHNSON, in his official capacity as Speaker of the House of Representatives, | ) ) )   **JURY TRIAL DEMANDED** ) ) ) ) |
|     Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR EARLY DEFAULT JUDGMENT**

The United States of America, on behalf of defendants DONALD J. TRUMP, in his official capacity as President of the United States, J.D. VANCE, in his official capacity as Vice President of the United States, and MICHAEL JOHNSON, in his official capacity as Speaker of the House of Representatives, by and through the United States Attorney for the Middle District of Tennessee and the undersigned Assistant United States Attorney, hereby responds in opposition to Plaintiff's Motion for Early Default Judgment. (DE 8)[1]

### I.    PLAINTIFF'S COMPLAINT

Plaintiff claims to be a "Presidential Candidate" (presumably of the "Sovereign Constitutionalists 2040" group or political party), and "a taxpayer [who] suffers injury from misused revenue ($4.5 trillion, CBO 2025) and economic harm from tariffs, debt, unconstitutional

---

[1] Plaintiff's Motion for Early Default Judgment (DE 8) is not a "pleading," as defined in Federal Rule of Civil Procedure 7(a), for purposes of asserting a defense enumerated in Rule 12(b). Defendants specifically reserve the right to file motions to dismiss pursuant to Rules 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure at the appropriate time.

government spending, and foreign trade wars." Invoking federal question jurisdiction under 28 U.S.C. § 1331 and the Declaratory Judgment Act, 28 U.S.C. § 2201, he seeks declaratory and injunctive relief against the defendants, as well as an order requiring the Senate to impeach and remove the defendants from office, for alleged violations of Article IV, Section 4; Article II, Section 1; Article II, Section 3 of the U.S. Constitution; the 9th and 10th Amendments to the U.S. Constitution; and 5 U.S.C. § 3331, by the defendants. *See* Complaint (DE 1), *passim*.

## II. SERVICE OF PROCESS

Plaintiff Bryce Plumb, proceeding *pro se*, filed his Complaint on October 29, 2025. (DE 1) The Clerk of Court issued summonses to the defendants on December 17, 2025. (DE 6) Plaintiff filed a "Certificate of Service" on January 13, 2026, purporting to show proper service on the federal defendants, the Attorney General, and the United States Attorney's Office for the Middle District of Tennessee. (DE 7) The Certificate of Service does not show how process was served, who accepted service of process, or whether they were authorized to accept service of process, to establish compliance with Federal Rule of Civil Procedure 4(i). *See generally Goings v. DEA*, 2025 WL 2155799 (M.D. Tenn., July 29, 2025) (Report and Recommendation) (Newbern, M.J), *adopted by* 2025 WL 2408823 (Richardson, D.J.) (discussing proper service of process pursuant to Rule 4(i)). In his motion, Plaintiff claims to have served the United States Attorney and "the White House" on January 2, 2026, and the Attorney General on December 29, 2025. (DE 8 at PageID #32, ¶ 2)[2] The United States and its officers and employees served in their official capacity have 60 days after service on the United States Attorney to serve an answer or other response. *See* Fed. R. Civ. P. 12(a)(2). Therefore, Defendants have at least until March 2, 2026, to respond to his

---

[2] Defendants' records show that the Attorney General was served on December 28, 2025, the United States Attorney's Office was served on December 30, 2025, and Defendant Johnson's office received his service copy on January 13, 2026.

2

Complaint.

### III. ENTRY OF DEFAULT AND DEFAULT JUDGMENT

#### A. Plaintiff's Motion Must be Denied Because it is Premature.

"Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. Section (a) of Rule 55 deals with entry of a technical default by the Clerk, and section (b) deals with entry of a default judgment, either by the Clerk or by the court itself. Entry of a technical default under section (a) is different from, and must precede, entry of a default judgment under section (b)." *White v. Stephens*, 2014 WL 727000, *1 (W.D. Tenn., Jan. 14, 2014 (Report and Recommendation) (Pham, M.J.) (citing cases), *adopted by* 2014 WL 763355 (Todd, D.J.); *Outreach v. Vilsack*, 2014 WL 12586317, *1 (S.D. Ohio, Dec. 9, 2014); *Almon v. Caplan*, 2008 WL 2008 WL 3010619, *2 (E.D. Mich., Aug. 4, 2008). "Rule 55(a), an application for entry of default must be filed with the Clerk, along with an affidavit or other competent proof of the defendants' failure to plead or otherwise defend the action. The Clerk will examine the application and, if the requirements of Rule 55(a) are met, certify that the defendants are in default. At that time, the plaintiff may file a motion for default judgment, accompanied by the Clerk's certificate of default." *White*, 2014 WL 727000 at *1. As discussed above, Defendants' time to respond to Plaintiff's Complaint does not run until, at the earliest, March 3, 2026. Mr. Plumb did not seek or obtain an entry of default by the Clerk, and the Clerk has not certified that these defendants are in default. As such, his motion must be denied.

#### B. Plaintiff's Motion Must Be Denied Because He Has Not Established a Right to Relief.

Moreover, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 56(d); *Almon*, 2008 WL 3010619, at *2 ("Rule 55(e) provides that a default

3

judgment shall not be entered against the United States or an officer or agency of the United States unless the court is satisfied that the plaintiff has a claim or right to relief based on the merits and evidence of the claim.").

As an initial matter, Plaintiff has not established that this Court has jurisdiction over his claims. Federal courts are courts of limited jurisdiction; their jurisdiction cannot be presumed but must be affirmatively and positively pled. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (*citing Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("[T]he established rule is that a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction[.]") Establishing jurisdiction is a particularly heavy burden when the object of the plaintiff's suit is the sovereign, because the "United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (citations omitted). "Further, the language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998). "In light of the absence of an explicit waiver of sovereign immunity, this court cannot imply a waiver." *Id.* (citing *United States v. King*, 395 U.S. 1, 4 (1969)). *See also, e.g., Nuclear Transport & Storage, Inc. v. United States*, 703 F.Supp. 660, 665 (E.D. Tenn. 1988) ("The court is in agreement with defendants that, if plaintiff can state a constitutional claim, it has an adequate remedy in the Claims Court and that the APA's waiver of sovereign immunity therefore does not extend to plaintiff's claims for declaratory and injunctive relief against the United States or the individual defendants in their official capacities.") (citing *American Science & Engineering Company v. Califano*, 571 F.2d 58 (1st Cir.1978)).

Nor has Plaintiff established standing to sue. "To have Article III standing, a plaintiff must

show '(1) an injury in fact (2) that's traceable to the defendant's conduct and (3) that the courts can redress.'" *Taylor v. Byers*, 2023 WL 6393174, at *2 (M.D. Tenn. Sept. 29, 2023) (quoting *Gerber v. Herskovitz*, 14 F.4th 500, 505 (6th Cir. 2021)). "If 'the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve.'" *TransUnion LLC*, 594 U.S. at 423 (quoting *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329, 333 (7th Cir. 2019)). An injury in fact cannot be conjectural or hypothetical. *Taylor*, 2023 WL 6393174, at *2 (citing *CHKRS, LLC v. City of Dublin*, 984 F. 3d 483, 488 (6th Cir. 2021)) (cleaned). Rather, Article III requires a plaintiff to demonstrate injuries that are concrete and particularized. *Id.* "It has long been established … that the payment of taxes is generally not enough to establish standing to challenge an action taken by the Federal Government." *Hein v. Freedom from Religion Foundation, Inc.*, 551 U.S. 587, 593 (2007).

Moreover, even if Plaintiff had established jurisdiction and standing, his Complaint fails the pleading bar set by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("although a complaint need not plead "detailed factual allegations," "those allegations" must be enough to raise a right to relief above the speculative level) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *cf. Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999), *cert. denied,* 528 U.S. 1198 (2000) ("Nevertheless, a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff's Motion for Early Default Judgment should be

5
Case 3:25-cv-01248    Document 11    Filed 01/28/26    Page 5 of 6 PageID #: 45

denied.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney
Middle District of Tennessee

s/Mark H. Wildasin
MARK H. WILDASIN, B.P.R. #015082
Assistant United States Attorney
United States Attorney's Office
719 Church Street, Suite 3300
Nashville, TN 37203
Telephone: (615) 736-5151
Email: mark.wildasin@usdoj.gov

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, a copy of the foregoing was filed electronically. A copy will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, a copy will be sent by email and United States regular mail, postage prepaid, to the following:

Bryce Plumb
P.O. Box 111042
Nashville, TN 37222-9998

bryce.plumb1@gmail.com

*Plaintiff, Pro Se*

s/Mark H. Wildasin
MARK H. WILDASIN
Assistant United States Attorney
